IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 11 B 41826 |
| MICHAEL BAHARY & STEVEN BAHARY PARTNERSHIP, | ) | Honorable John H. Squires |
| | ) | |
| | ) | Motion Date: October 25, 2011 |
| Debtor. | ) | Motion Time: 9:30 a.m. |

**ORDER PERMITTING INTERIM USE OF CASH COLLATERAL
BELONGING TO FIRST MERIT BANK N.A**

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, MICHAEL BAHARY & STEVEN BAHARY PARTNERSHIP, for entry of an order permitting interim use of cash collateral belonging to FIRST MERIT BANK N.A. as successor-in-interest to the Federal Deposit Insurance Corporation as Receiver for Midwest Bank and Trust Company (hereinafter "First Merit") (the "Cash Collateral Motion"), notice of the motion having been given to the United States Trustee's Office, all parties holding liens upon the properties and the twenty largest creditors and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that:

1. Debtor is hereby authorized to use First Merit's Cash Collateral on an interim basis pending a final hearing and approval pursuant to Section 363(c) of the Bankruptcy Code provided, however, that Cash Collateral shall not be used for expenses other than those post-petition obligations on the budget, plus no more than ten percent (10%) of the total proposed expenditures except if otherwise agreed by First Merit, a copy of which is attached hereto as Exhibit 1.

2. Except as otherwise provided in this Order, Debtor shall use the Cash Collateral solely for payment of its post-petition obligations and indebtedness with respect to the insurance, maintenance, real estate taxes, repairs and ongoing expenses related to the real property commonly known as: 2211 N.

Cicero Avenue, Chicago, IL 60639 (hereinafter "Cicero Avenue Property"), unless otherwise ordered by the Court after timely written notice to First Merit.

3. Debtor shall deposit all monies collected in connection with the Collateral in its Debtor in Possession account.

4. The provisions of this Order shall be immediately effective upon entry of this Order. The terms and provisions of this Order, as well as the lien and security interest created hereunder and all rights of First Merit and obligations of the Debtor created or arising pursuant hereto shall continue in these proceedings or any superseding proceeding under the Code. The liens and security interests provided for herein shall maintain their priority as provided by this Order until satisfied and discharged. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court, such stay, modification or vacation shall not affect: (1) the validity of any debt to First Merit incurred pursuant to this Order and which is incurred prior to the effective date of such stay, modification or vacation; (2) the validity and enforceability of any lien or priority authorized hereby with respect to any such debt to First Merit; and (3) the conduct of First Merit with respect to the rights granted to it in this Order and the loan documents executed prior to the effective date of such stay, modification or vacation. Notwithstanding such stay, modification or vacation, all liabilities owed to First Merit by Debtor pursuant to this Order prior to the effective date of such modification, stay or vacation, to or for the benefit of Debtor shall be governed in all respects by the original provisions of this Order and First Merit shall be entitled to all of the rights, privileges and benefits, including the security interest in the priority granted herein, with respect to all such liabilities and the course of conduct established in connection therewith.

5. Debtor, or its tenants, shall insure the Collateral against risk of loss, damage and destruction for the full replacement value thereof with an insurance company acceptable to First Merit and with loss payable to First Merit. Debtor shall provide proof of insurance to First Merit.

6. First Merit shall have the right to inspect the premises, property, assets and collateral of the Debtor, and conduct audits and inspections of the books and records of the Debtor during regular business hours upon reasonable advance notice.

7. This Order is without prejudice to the rights of First Merit to receive any pre-petition or post-petition payments due First Merit or to seek modification of the terms hereof at any time upon reasonable notice to all parties in interest, and subject to the rights of any party to object thereto.

8. The occurrence of any one or more of the following shall constitute an event of default:

   a. This Order is stayed, reversed, vacated or modified on appeal or shall cease to be in full force and effect;

   b. Debtor's material failure to perform any of its obligations under this Order except a default resulting from a tenants failure to pay rent and failure to cure the default within ten (10) days after receipt of written notice of the default;

   c. The conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

   d. The appointment of a Chapter 11 Trustee; or

   e. The dismissal of the Debtor's bankruptcy case.

9. Upon the occurrence of an event of default, First Merit may seek modification of the automatic stay to discontinue Debtor's right to use of Cash Collateral pursuant to this Order and for relief from the automatic stay to exercise any and all rights and remedies it may have with respect to the Collateral or for other appropriate relief.

10. Debtor's authorization for the use of Cash Collateral pursuant to this Order shall terminate on the earlier of (a) the entry of a Court order vacating or reversing this Order; (b) the Effective Date under the Plan of Reorganization to be proposed by the Debtor and confirmed by final order of the Bankruptcy Court; (c) the occurrence of an event of default herein; (d) the conversion of this

case to one under Chapter 7; (e) such later date as First Merit and the Debtor may hereafter specify in writing; or (f) November 15, 2011.

11. A final hearing is set for November 15, 2011 at 10:00 a.m.

12. All objections to the final use of cash collateral must be made in writing and filed with the Clerk of the Bankruptcy Court for the Northern District of Illinois at 219 South Dearborn, Chicago, Illinois 60601 on or before November 8, 2011 and must be served on Debtor's counsel by personal delivery or fax (address below).

13. Debtor shall send notice of the final hearing to all creditors and parties of interest within the next five (5) business days.

Date: 25 OCT 2011

ENTER: _____
Bankruptcy Judge

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
Phone: 312-263-2300
Fax: 312-263-0939

## November 2011 Monthly Budget

| 2211 N. Cicero | |
|---|---|
| **Income** | |
| Rental Revenue | $1,800.00 |
| **Expenses** | |
| Mortgage Payments | $700.00 |
| Real Estate Taxes | $287.56 |
| C.A.M | $300.00 |
| Insurance | $157.73 |
| Wages | $300.00 |

{00124747.XLS /}



EXHIBIT 1