## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  11 B 41826 |
| **MICHAEL BAHARY & STEVEN BAHARY PARTNERSHIP,** | ) ) | Honorable Jacqueline P. Cox |
| | ) | Motion Date: September 18, 2012 |
| Debtor. | ) | Motion Time: 9:30 a.m. |

### NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE THAT on September 18, at the hour of 9:30 a.m., a **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR AND MOTION TO REDUCE TIME FOR HEARING** shall be heard by the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 640 at 219 South Dearborn, Chicago, Illinois.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

GOLAN & CHRISTIE LLP

### AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor and Motion to Reduce Time for Filing were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on September 11, 2012.

/s/*Robert R. Benjamin*
Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Barbara L. Yong (ARDC# 06184000)
Beverly A. Berneman (ARDC #06189418)
Caren A. Lederer (ARDC #06244631)
GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

{00140713.DOC /}

## SERVICE LIST

| | |
|---|---|
| Patrick S. Layng<br>United States Trustee<br>219 S. Dearborn, #873<br>Chicago, IL 60604<br>Via CM/ECF | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St.<br>Chicago, IL 60604<br>Via Regular Mail |
| Associate Area Counsel, SB/SE<br>200 West Adams Street, Suite 2300<br>Chicago, IL 60606<br>Via Regular Mail | United States Attorney<br>219 S. Dearborn Street<br>Chicago, IL 60604<br>Via Regular Mail |
| D. Patrick Mullarkey<br>Tax Division (DOJ)<br>PO Box 55, Ben Franklin Station<br>Washington, DC 20044<br>(*Contested Matters)<br>Via Regular Mail | James D. Newbold<br>Asst. Atty. General Revenue Litigation Bureau<br>Illinois Attorney General<br>100 W. Randolph St., 13th Floor<br>Chicago, IL 60601<br>Via Regular Mail |
| Department of the Treasury<br>Internal Revenue Service<br>Cincinnati, OH 45999<br>Via Regular Mail | Banco Popular<br>c/o Kevin R. Purtill, Francisco Connell &<br>Edmund M. Burke<br>Chuhak & Tecson, P.C.<br>30 South Wacker Drive<br>Chicago, Illinois 60606-7512<br>Via CM/ECF |
| Michael Bahary & Steven Bahary Partnership<br>2223 N. Cicero Ave.<br>Chicago, IL 60639<br>Via Regular Mail | Abid Sabeeh<br>4 N. Barlett Rd.<br>Streamwood, IL 60107<br>Via Regular Mail |
| Ali Alirad<br>525 N. Ashland Ave., 2nd Fl<br>Chicago, IL 60622<br>Via Regular Mail | Ben Mackenn<br>Foruzan Namdari & Ronnie Khoshaba<br>2247 N. Cicero Ave.<br>Chicago, IL 60639<br>Via Regular Mail |
| Capital One Bank<br>9025 Main Rd.<br>Mattituck, NY 11952<br>Via Regular Mail | Casas Body Shop<br>c/o Efrain Casas<br>334 W. Grand Ave.<br>Elmhurst, IL 60126<br>Via Regular Mail |

{00140713.DOC /}

First Midwest Bank
c/o David L. Kane
Meltzer, Purtill & Stelle LLC
300 S. Wacker Drive, Suite 3500
Chicago, IL 60606
Via CM/ECF

FirstMerit Bank, N.A.
c/o Brianna M Sansone, William J. Serritella
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
Via CM/ECF

Dante Lenzi
462 N. Halsted St.
Chicago, IL 60642
Via Regular Mail

Deko Trends
c/o Reza Govarshki
2211 N. Cicero Ave
Chicago, IL 60639
Via Regular Mail

Delarad Inc.
P.O. Box 34084
Chicago, IL 60634
Via Regular Mail

Elmhurst Autoplex, Inc.
c/o Joseph Brogan
334 W. Grand Ave.
Elmhurst, IL 60126
Via Regular Mail

Urandari Galsan
5961 Mackinac Ln
Hoffman Estates, IL 60192
Via Regular Mail

Corey Berman
20 S. Clark St., Suite 1050
Chicago, IL 60603
Via Regular Mail

Flanagan Bilton
500 N. Dearborn St., Suite 400
Chicago, IL 60654
Via Regular Mail

George Svoboda
1700 Anthony Lane
Lake Moore, IL 60051
Via Regular Mail

Hammer Construction
1457 W. Thomas
Chicago, IL 60622
Via Regular Mail

Ivan Auto Sales
1844 N. Cicero
Chicago, IL 60639
Via Regular Mail

Maasoumeh Karimi
P.O. Box 34084
Chicago, IL 60634
Via Regular Mail

Marjan Obaie
4302 Oak Knoll Ct.
Northbrook, IL 60062
Via Regular Mail

Michael Bahary
6531 N. Longmeadow
Lincolnwood, IL 60712
Via Regular Mail

MB Financial Bank
f/k/a New Century Bank
1601 N. Ashland
Chicago, IL 60642
Via Regular Mail

| | |
|---|---|
| Naziri Construction<br>P.O. Box 957611<br>Hoffman Estates, IL 60195<br>Via Regular Mail | Nore Kordvani<br>1559 N. Mannheim Rd., Suite 2E<br>Stone Park, IL 60165<br>Via Regular Mail |
| Nishay K. Sanan<br>c/o Steven Hall<br>20 S. Clark, Suite 2600<br>Chicago, IL 60603<br>Via Regular Mail | Steven Bahary<br>6635 N Longmeadow<br>Lincolnwood, IL 60712<br>Via Regular Mail |
| Windy City Auto Brokers<br>c/o Musa Hanash & Jamal Ali<br>2223 N. Cicero<br>Chicago, IL 60639<br>Via Regular Mail | Moonshine, Inc.<br>1824 W. Division St<br>Chicago, IL 60622<br>Via Regular Mail |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.  11 B 41826** |
| **MICHAEL BAHARY & STEVEN BAHARY PARTNERSHIP,** | ) ) | Honorable Jacqueline P. Cox |
| | ) | Motion Date: September 18, 2012 |
| **Debtor.** | ) | Motion Time: 9:30 a.m. |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR AND MOTION TO REDUCE TIME FOR HEARING**

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtor, MICHAEL BAHARY & STEVEN BAHARY PARTNERSHIP ("Debtor"), applies to this Court for an order approving the payment of final fees in the amount of $11,814.00 for services rendered from July 1, 2012 to August 21, 2012 and the costs of preparing this fee petition in the amount of $800.00 for a total of $12,614.00 plus expenses in the amount of $195.30 and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §1408 and §1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

On October 14, 2011, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

On November 15, 2011, this Court entered an order allowing the retention of Robert R. Benjamin, Barbara L. Yong and Beverly A. Berneman, as counsel for the Debtor.

On March 7, 2012, this Court awarded counsel for the Debtor interim compensation of $74,220.00 and cost reimbursement of $2,867.72.

On August 8, 2012 this Court awarded counsel for the Debtor interim compensation of $118,652.00 and cost reimbursement of $936.97.

### III.  CASE STATUS

Debtor is an Illinois General Partnership that owns and manages various commercial real estate properties.  Debtor sought protection under Chapter 11 due to the downturn in the economy and multiple foreclosure suits brought by its secured lenders.

Debtor proposed a Plan of Reorganization that restructured its debts and paid creditors the value of their security interests and a portion of their unsecured or undersecured claims. The Disclosure Statement and Plan were approved by this Court on August 21, 2012.

### IV.  DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.    General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988);  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B. <u>Billing Entries.</u> G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C. <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $350.00 per hour for other partner attorney time, $225.00-$275.00 per hour for associate time, $150.00 per hour for travel time and $80.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

#### A. COVER SHEET
*[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

#### B. NARRATIVE SUMMARY
*SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
*[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 4.00 | 1,317.50 |
| FIN | Financing | 20.70 | 6,311.50 |
| FEE | Fee Petition | 2.0 | 800.00 |
| PLAN | Plan and Disclosure Statement | 12.0 | 4,185.00 |
| **TOTAL** | | **39.00** | **$12,614.00** |

C. **NARRATIVE SUMMARY**
**SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL**
**[Local Rules 5082-1(B)(1)(b) and (d)]**

From July 1, 2012 to August 21, 2012, the Debtor has incurred $11,814.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section E below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.    ADMINISTRATION**

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. Additionally, under the category of Administration is the forcible entry and detainer action counsel prosecuted on behalf of the estate which brought in additional revenue to

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $800.00.

{00140713.DOC /}6

the Debtor. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 0.40 | 350.00 | 140.00 |
| Barbara L. Yong (BLY) | Partner | 0.90 | 350.00 | 315.00 |
| Barbara L. Yong (BLY) | Partner | 1.00 | 480.00 | 480.00 |
| Anthony J. D'Agostino (AJD) | Associate | 1.70 | 225.00 | 382.50 |
| **Total** | | **4.00** | | **$1,317.50** |

2.   *FINANCING*

Debtor sought multiple orders for the use of cash collateral from three lenders. Both permanent and interims orders have been entered. The Debtor consummated settlement agreements with two of its secured lenders. The result of the global settlements was that the Debtor released its interests in underperforming properties and obtained releases of claims from the two lenders of $6,927,990.00. Additionally, the Debtor's principles, with the advice of their personal attorneys, were able to obtain releases of an additional $4,067,216.00 in secured liabilities. These services benefited the estate on an economic basis by supporting Debtor's operations while it formulated a Plan to reorganize its business and released the partners from liabilities so they could concentrate on restructuring the partnership. These services benefitted the estate on a non-economic basis by protecting the estate with a resulting distribution to allowed unsecured claimants.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 11.30 | 350.00 | 3,955.00 |
| Robert R. Benjamin (RRB) | Partner | 0.30 | 480.00 | 144.00 |
| Richard M. Wallace (RMW) | Associate | 6.60 | 250.00 | 1,650.00 |
| Anthony J. D'Agostino (AJD) | Associate | 2.50 | 225.00 | 562.00 |
| **Total** | | **20.70** | | **$6,311.50** |

3.  *PLAN AND DISCLOSURE STATEMENT*

During the period covered by this fee petition, G&C has completed the work necessary to obtain ballots and report to the court.  The Amended Plan and Amended Disclosure Statement provided in part for a 104% distribution to allowed general unsecured creditors. The services benefitted the estate on an economic basis by identifying a means of obtaining a substantial dividend for the creditors.  The services benefitted the estate on a non-economic basis by preserving the value of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
| --- | --- | --- | --- | --- |
| Robert R. Benjamin (RRB) | Partner | 5.90 | 350.00 | 2,065.00 |
| Robert R. Benjamin (RRB) | Partner | 0.50 | 480.00 | 240.00 |
| Beverly A. Berneman (BAB) | Partner | 4.80 | 350.00 | 1,680.00 |
| Richard M. Wallace (RMW) | Associate | 0.80 | 250.00 | 200.00 |
| Total | | 106.80 | | $4,185.00 |

D. <u>NARRATIVE SUMMARY</u>
STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE
APPLICATION FOR PREPARATION OF CURRENT OR
PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Second Interim Fee is attached hereto as Exhibit B.  A general breakdown is as follows:

{00140713.DOC /}9

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 2.30 | 350.00 | 800.00 |
| **Total** | | **2.30** | | **$800.00** |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the final fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 19.90 | 350.00 | 6,960.00 |
| Robert R. Benjamin (RRB) | Partner | 0.80 | 480.00 | 384.00 |
| Beverly A. Berneman (BAB) | Partner | 4.80 | 350.00 | 1,680.00 |
| Barbara L. Yong (BLY) | Partner | 0.90 | 350.00 | 315.00 |
| Barbara L. Yong (BLY) | Partner | 1.00 | 480.00 | 480.00 |
| Richard M. Wallace (RMW) | Associate | 7.40 | 250.00 | 1,850.00 |
| Anthony J. D'Agostino (AJD) | Associate | 4.20 | 225.00 | 945.00 |
| **TOTAL** | | | | **$12,614.00** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED AND PAYMENTS RECEIVED BY COUNSEL TO DATE
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's final petition. On March 7. 2012 an Order granting first interim application for compensation to Golan & Christie, LLP was granted. On August 8, 2012 an Order granting second interim application for compensation to G&C was granted. G&C is not holding any unapplied funds in its escrow account.

### G. NARRATIVE SUMMARY
#### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
*[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $195.30 consisting of postage out of the ordinary course, photocopies our of the ordinary course at $.10 per page.

### H. NARRATIVE SUMMARY
#### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

## VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

## VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)   After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)   reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)   reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293

(Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association,* 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VIII. OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before September 18, 2012.

### IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A. Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B. Allowing a final compensation as counsel for the Debtor in the amount of $11,814.00 for fees incurred from July 1, 2012 to August 21, 2012 plus the costs of preparing this fee petition in the amount of $800.00 for a total of $12,614.00;

C. Allowing reimbursement of out of pocket expenses in the amount of $195.30; and

D. Granting such other and further relief as this court may deem just and proper.

                GOLAN & CHRISTIE LLP
              /s/ *Robert R. Benjamin*
                Robert R. Benjamin
                One of its attorneys

Robert R. Benjamin (ARDC # 0170429)
Barbara L. Yong (ARDC# 06184000)
Beverly A. Berneman (ARDC #06189418)
Caren A. Lederer (ARDC #06244631)
GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300